PROGRESS BLUE RIBBON FARMS, Appellant, vs. CHICAGO HORSE SALES COMPANY, imp., Respondent.

*March 15—April 8, 1913.*

*Principal and agent: Factors: Sale of property at auction: Payment to principal before buyer pays: Right of factor to recover from buyer.*

1. A person employed to sell another's property at auction, or a factor to whom property has been consigned for sale, has an interest in the proceeds of the sale entitling him to sue and recover the same in his own name; and in case he pays his principal in full and delivers the property before receiving payment from the buyer, and the principal accepts and retains the money, the agent becomes the sole party in interest and is entitled to recover of the buyer for his own use.

2. In making such payment to the principal the agent does not act as a mere volunteer.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Action to charge R. C. Wirth as garnishee of W. P. Dickinson *et al.* The money, $1,665, involved, was paid into court by the garnishee and the contest was between plaintiff and the intervening defendant, *Chicago Horse Sales Company,* which claimed to be entitled thereto. It contended that when the garnishee proceedings were commenced Wirth was not liable to the principal defendants and, therefore, an action could not have been maintained by them against him.

The facts were these: The principal defendants were indebted to the plaintiff. The former consigned some horses to the intervening defendant for sale at auction. Mr. Wirth attended the sale and made purchases, in due course, so as to incur liability for $1,665. After the sale was concluded he gave the sales company a draft on one Dunbar, payable at a Milwaukee bank, for the amount of his liability. Before the draft was presented to Dunbar he was garnisheed. Therefore it was protested and returned to the sales company. The horses were shipped to Dunbar and placed in his stable before he was garnisheed. After the sales company settled with the Dickinsons for the horses Wirth was garnisheed on account of the $1,665, it being claimed that, since his draft was returned unpaid, he still owed the Dickinsons for the horses. The first garnishee proceedings were dismissed. After Wirth was garnisheed, the sales company having previously paid the Dickinsons, as indicated, it intervened in the garnishee suit, claiming that Wirth was indebted to it, not the principal defendants. Thereafter, in due course, Wirth paid the money into court.

Findings were made in harmony with the foregoing and a decision rendered thereon that the intervening defendant was entitled to the money.

For the appellant the cause was submitted on the brief of *Tullar & Lockney* and *Arthur H. Bartelt.*

*William L. Tibbs,* for the respondent.

MARSHALL, J.   Who owned the claim against Wirth when the garnishee summons was served on him? The answer to that will answer as to whether the intervening defendant was entitled to the money paid into court to discharge the indebtedness.

It is useless to claim that the sales company paid the Dickinsons as a mere volunteer. When the company received Wirth's draft, it accepted such draft, provisionally, as payment and was warranted, as mutual agent, in doing so and advancing the amount of the draft to the Dickinsons, taking its chances on the draft being honored by the drawee. Since the sales company had no right to take anything but money as a condition of delivering the horses to Wirth, in taking the draft it became liable to the Dickinsons and the owner of the paper. Upon that being dishonored and returned, the claim against Wirth was, necessarily, revived in its favor, rather than in favor of the Dickinsons. It had no claim against the latter for the return of the money. All that is according to the natural order of things and elementary principles.

The general rule is that a person employed to sell another's property at auction, or a factor to whom property has been consigned for sale, has an interest, upon a sale being made, in the proceeds, entitling him to sue and recover the same in his own name and, in case of his paying the net proceeds and delivering the property before receiving payment from the buyer, as in this case, and the principal accepts and retains the money, the agent is entitled to recover of such buyer for his own use. The respondent was a factor. The circumstance that it was permitted to sell the property at auction did not make any difference in its status. As indicated, a factor, the same as an auctioneer, is entitled to sue for the sale price in his own name and control the litigation if the principal does not prohibit it. *Beardsley v. Schmidt,* 120 Wis. 405, 98 N. W. 235. In case of the principal receiving full payment from the agent in advance of the latter obtaining payment from the purchaser, the agent is the sole party in

interest; so, obviously, the principal has no concern in the matter between such agent and purchaser.

Under the facts of this case, there is no question but that the sales company was the owner of the claim against Wirth when the latter was garnisheed, the money as soon as paid into court was impounded for its use, and the judgment rendered, accordingly, is clearly right.

*By the Court.*—Judgment affirmed.