ÆTNA LIFE INS. CO. v. DUNKEN.
(No. 5899.)

(Court of Civil Appeals of Texas. Austin. May 14, 1918.)

1. TRIAL ☞252(14) — INSTRUCTIONS — CONFORMING TO EVIDENCE.

An instruction concerning an understanding that a premium note should not be paid in any event, and that the execution of the note would keep alive a life insurance policy, was erroneously given, where there was no testimony of such matters.

2. APPEAL AND ERROR ☞1177(5)—REVERSAL—NECESSITY OF REMANDING.

Where it cannot be said there was no testimony tending to show waiver of a policy provision for payment of life insurance premiums and the case must be reversed for erroneous instructions, judgment will not be rendered for the insurer, but the cause will be remanded for new trial.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Suit by Mrs. Pearl Stone Dunken, administratrix of the estate of W. J. Dunken, deceased, against the Ætna Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. J. Moroney, of Dallas, for appellant. Spell & Sanford and Forrester & Stanford, all of Waco, for appellee.

KEY, C. J. Appellee accepts as substantially correct the following statement of the

nature and result of this suit contained in appellant's brief:

"This is an appeal from a judgment rendered on January 25, 1917, by the Nineteenth judicial district court, McLennan county, in favor of Mrs. Pearl Stone Dunken, administratrix of the estate of W. J. Dunken, deceased, plaintiff, against the Ætna Life Insurance Company of Hartford, Conn., defendant, for $14,180.72, interest and costs.

"The suit involved two alleged life insurance policies for $10,000 each issued by defendant company on the life of said W. J. Dunken, who died on June 1, 1916, one being policy No. 98322, commonly designated in the record as the 'first policy,' the other being policy No. 152775, commonly designated as the 'second policy.' Plaintiff alleged that the second policy had been issued in lieu of the first, that either one or the other was in force when the insured died, and plaintiff sought to recover, not on both policies, but on whichever policy should be held to have been in force when the insured died.

"There was a jury verdict and judgment on the first policy, No. 98322, for the principal sum of $9,722.50, being the face of the policy less unpaid premium, $1,166.76 damages, $291.66 interest, and $3,000 attorney's fees; total, $14,180.72.

"Thus the effect of the verdict and judgment was that the alleged substitution of policies had not been effected, that the second policy had therefore not gone in effect, and that the first policy remained in effect.

"As no questions arise about the pleadings, it is deemed sufficient to say here that they presented the issues of law arising on the evidence, which was at least practically undisputed, except on the collateral and dependent issue of the reasonable amount of attorney's fees. Plaintiff did not even allege that the insured had complied or offered to comply with the terms and conditions of the alleged policies, but in various ways plaintiff alleged that defendant had waived compliance.

"Appellant's assignments of error are contained in its motion for a new trial which was overruled, exceptions reserved, and appeal duly perfected. The statement of facts was approved and filed and accompanies the transcript, which contains various bills of exceptions.

"The parties having failed to agree on a statement of facts, the original and duplicate statement of facts were settled, approved, and filed by the judge in statutory form. There was no controversy about what actually occurred on the trial, but differences arose: First, about embracing in the record certain matters that appellant considered material; second, on the question whether certain other matters should appear in the statement of facts or in separate bills of exceptions; and, third, on the form of the statement of facts itself. No objection was made to incorporating in the record a correct statement of everything desired by appellee. The result was that the substance of everything that appellant considered material is in either the statement of facts or in separate bills of exceptions copied in the transcript. As all these instruments are authenticated in the same manner, by the certificate of the judge alone, and as the record is sufficient in substance, and appellant is not responsible for its form, I will refer to such parts of the record as the occasion may require, without alluding further to these merely formal matters.

"While plaintiff did not recover on the second policy, the issues arising on this policy will be presented: (1) Because, as will presently appear, the issues under both policies are so interwoven that practically they cannot be separated; (2) because appellant's proposition that it was entitled to a directed verdict on the whole case requires a consideration of both policies; (3) because I am advised that appellee will contend in this court, as she did in the court below,

that she is entitled to recover on one policy or the other; and (4) because both policies in fact concern different stages of but one contract, and the case can therefore be presented more intelligibly by first presenting its substance as a whole.

"The first and second paragraphs of defendant's motion for a new trial present the single fundamental proposition that on the undisputed evidence defendant was entitled to a directed verdict in its favor on the whole case, and these two paragraphs will therefore be presented together."

The volume of business pending in this court is sufficient excuse for not writing an elaborate opinion; and we therefore content ourselves with the statement that we have reached the conclusion that the judgment appealed from should be reversed, and a brief statement of the grounds upon which such conclusion rests.

[1] The second paragraph of the court's charge reads as follows:

"If you fail to find for the plaintiff under the above instructions, then the court instructs you that if you believe from the evidence that it was the understanding between the defendant company and the assured that the premium note for $106.45, dated February 29, 1916, was not to be paid at all; and if you further believe from the evidence that it was the understanding between the defendant and said assured that the execution and delivery of said note would keep policy No. 98322 in good standing until it should be converted and the new policy should become effective; or if you believe that all the facts and circumstances which have been introduced in evidence and now before you with respect to the payment of the note for $106.45, dated February 29, 1916, and falling due March 29, 1916, were reasonably calculated to and did actually induce W. J. Dunken, the assured, to believe that the payment of said notes at maturity of same was not required by defendant company, and that the defendant company would not on account of the failure to pay said note ask that said policy No. 98322 should be lapsed or forfeited—then in either of said events you will find for the plaintiff on policy No. 98322 and so say by your verdict."

Error is assigned upon this charge, among other reasons: (1) Because there was no testimony of any understanding that the premium note therein mentioned should not be paid at all, except in the event of the completion on or before March 29, 1916, of the proposed conversion of the policy; (2) that there was no evidence of any understanding that the execution of said note would keep policy No. 98322 in good standing in any event beyond the maturity of the note; and (3) there was no testimony that the defendant gave the assured reason to believe that it would waive the conditions of its contract unless at the option of the defendant and in the manner provided by the contract itself.

We sustain the first and second objections, because, in our opinion, there was no testimony tending to show an agreement or understanding between the parties to the effect that the note referred to in the charge was not to be paid in any event; nor was there any testimony which would warrant a finding that the mere execution and delivery of the note would keep policy No. 98322 in good standing beyond the time of the maturity of the note.

Hence we sustain the third assignment of error, which complains of that paragraph of the court's charge.

We also sustain appellant's seventh and eighth assignments of error, and hold that the excluded testimony referred to therein was admissible upon the issue of waiver by appellant and its right to forfeit the policy. And, for the same reason, we are of the opinion that the court erred, as complained in the ninth assignment of error, in limiting the testimony of the witness H. B. Alexander, as shown by the record.

The other assignments of error have been considered and are overruled.

[2] In conclusion, it seems to us that the proof shows that the right to recover upon the first policy was by the terms of that instrument forfeited by the failure to pay the note given for the premium at the time of its maturity, unless it shall be made to appear that appellant had waived its right of forfeiture and manifested an intention to keep that policy alive. It also seems equally clear that the second policy never became operative, because of the failure of Mr. Dunken to comply with the terms and conditions upon which it was sent to him, unless it shall be made to appear that the appellant intended to waive compliance with such conditions, and treat the policy as valid and binding.

We cannot say that there was no testimony whatever tending to show either of the waivers referred to, and therefore we decline to grant appellant's request, and render judgment for it. On the contrary, we hold that the case should go back for another trial, at which, after admitting the excluded testimony heretofore referred to, as well as all other admissible evidence, the issues of waiver should be clearly and distinctly submitted to the jury, and judgment should be based upon the jury's findings upon those issues.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.