## BOUNDS v. HOME MUT. LIFE & ACCIDENT ASS'N NO. 1. (No. 2746.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 5, 1927. Rehearing Denied Jan. 19, 1927.)

1. **Insurance** ⬿668(8)—**Evidence of whether notice of assessments had been mailed to insurer so as to constitute default held for jury.**

Evidence in suit on certificate of insurance relative to whether notice of assessment had been mailed in compliance with constitution and by-laws of association, so as to constitute default of insured, *held* for jury.

2. **Appeal and error** ⬿927(7)—**Only evidence in favor of party, against whom peremptory instruction was asked, should be considered in determining propriety thereof.**

In determining whether trial court is authorized to give peremptory instruction, only testimony in favor of party, against whom such instruction was asked, should be considered and must be taken as true.

**3. Estoppel ⬦⟿58—Waiver will not be implied contrary to parties' intention, unless opposite party has been misled to his prejudice thereby.**

A waiver may be express or implied, but in absence of express agreement a waiver will not be presumed or implied contrary to the intention of the party whose rights will be injuriously affected thereby, unless by his conduct the opposite party has been misled to his prejudice into the honest belief that such waiver was intended.

**4. Insurance ⬦⟿668(15)—Insured held not, as matter of law, to have waived notice of assessments by authorizing insurer to draw draft for dues and assessments.**

Insurer *held* not, as matter of law, to have waived provision of certificate of insurance requiring notice of assessments due thereon by having authorized association to draw draft to bank for all dues and assessments.

**5. Contracts ⬦⟿170(1)—If contract is ambiguous on question of waiver, great weight should be given to interpretation by parties.**

If language of contract, construed as whole, is ambiguous on question of waiver, great weight should be given to interpretation placed on contract between parties.

Appeal from District Court, Lubbock County; Hill Stewart, Special Judge.

Suit by W. A. Bounds against the Home Mutual Life & Accident Association No. 1. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Wilson & Randal and J. I. Kilpatrick, all of Lubbock, and G. L. Reese, of Roswell, N. M., for appellant.

Bean & Klett and Robt. H. Bean, all of Lubbock, for appellee.

JACKSON, J. This suit was instituted in the district court of Lubbock county, Tex., by appellant, W. A. Bounds, against the appellee, the Home Mutual Life & Accident Association No. 1, of Lubbock, Tex.

Appellant alleged that on March 12, 1923, the appellee executed and delivered to his wife, Claudia Bounds, a policy or certificate of insurance in which he was named beneficiary, insuring the life of his said wife for the maximum sum of $1,000, and thereby became liable on her death to pay him said sum; that his wife died February 14, 1925, up to which time all premiums and assessments due on the policy of which notice had been received had been paid; that his wife had complied with all the conditions and provisions of the policy and the constitution and by-laws of the association; that notice of the death of his wife had been duly given, but appellee had refused to pay the policy or any part thereof.

Appellee answered by demurrers, general denial, and pleaded that it was a mutual aid association with a constitution and by-laws, which, with the policy and the application therefor, constituted the contract of insurance between it and the deceased. Appellee sets out various provisions of these instruments, but we shall only note such as we deem necessary to a consideration of the questions presented.

Among the provisions averred by appellee, the constitution provides, in effect, that each member pledges himself to pay $1 immediately upon receipt of due proof of the death of a member in good standing.

The by-laws provide, in effect, that the secretary or assistant secretary of the association shall notify each member of his assessments, which notice shall be given by mail or by delivering in person a card containing the notice; that any member who fails to pay any assessment in 15 days from the date of notice shall stand suspended, and while suspended shall not be entitled to any benefits as a member of the association, and, in case of death while suspended, the beneficiary shall not be entitled to any sum by virtue of the policy issued to such member; that while such member is suspended, it shall be the duty of the secretary or assistant secretary to notify him of the fact of his suspension at his last known post office address by mailing him a card marked "Second notice," and any member who shall fail to pay the delinquent assessment, etc., within 15 days next after the original notice of the death assessment, shall be stricken from the rolls of the association.

The application signed by the deceased authorizes the secretary of the association to draw on her through the First National Bank of Tahoka, Tex., for all assessments and dues, and to place on the draft what same is for, until further notice.

The policy stipulates that the application is a part of the contract of insurance, and it contains substantially the provision with reference to the payment of the $1 assessments, the notice to be given of such assessments, and the suspension of members for failure to pay as is contained in the constitution and by-laws.

The appellee alleges that the deceased became a member of the association and was entitled to remain a member in good standing and the appellant was entitled to receive as her beneficiary, under the policy, on the condition that the deceased immediately, upon notice of death of any member of the association, pay the assessment of $1; that in December, 1924, J. F. Newton and Mrs. W. S. Hickerson, two members of the association, died, and thereby two assessments, Nos. 21 and 22, of $1 each, became due to the appellee by the deceased; that on the fourth and eleventh days of December, 1924, respectively, appellee drew drafts on the deceased through the First National Bank of Tahoka, Tex., for said assessments; that the

drafts were marked "No funds" and returned not paid; that the secretary, as required by the constitution and by-laws, notified the deceased of the death of said two members and of said assessments Nos. 21 and 22, but that said assessments were never paid, and because thereof deceased became suspended, was never reinstated, and the beneficiary in the policy was therefore not entitled to recover.

The appellant replied by supplemental petition that the assessments, alleged to have been made on the deaths of J. F. Newton and Mrs. W. S. Hickerson, were never legally made, and alleged that, if said assessments were made, neither the deceased or himself received notice of the deaths of said members or of the assessments on account thereof; that no card marked "Second notice" was sent to the deceased or himself, and that he and the deceased were ready, able, and willing at all times to pay all assessments and dues for which she was liable; that the deceased was never legally suspended and was, at the time of her death, a member of the association; that on February 14, 1925, appellee, by mail, gave notice of an assessment due on account of the death of Mrs. S. O. Wall, a member of the association, which notice he received through the United States post office at Portales, N. M., to which place he had moved; that thereafter he was informed by appellee that his deceased wife had been suspended for failure to pay assessments Nos. 21 and 22 on the deaths of J. F. Newton and Mrs. W. S. Hickerson, and this was the first notice received of such deaths or such assessments; that he tendered the sum necessary to cover such assessments and the assessment for Mrs. S. O. Wall, all of which appellee refused and by reason thereof is estopped from claiming that the deceased was not a member in good standing for failure to pay assessments Nos. 21 and 22, of which no notice was received; that the provision in the application authorizing the secretary of the association to draw on the deceased through the First National Bank of Tahoka, Tex., for assessments and dues was for the convenience of appellee, and was not a waiver by the deceased of her right to be notified of each assessment, according to the constitution and by-laws of the association.

At the conclusion of the evidence, in response to a peremptory instruction given by the court, the jury returned a verdict for appellee, and from the judgment entered thereon this appeal is prosecuted.

Appellant, by numerous assignments, assails as error the action of the trial court in directing the jury to return a verdict against him because the evidence presented issues of fact to be determined by the jury, and if found in his favor would have entitled him to a judgment.

The contract of insurance consists of the application, the policy, and the constitution and by-laws of the association, and the terms and provisions of these instruments disclose the contractual relations between the parties. Tennison v. Home Benefit Association of Hill County (Tex. Civ. App.) 272 S. W. 280. The stipulations in the insurance contract are conclusive that the deceased promised and agreed to pay to the association the sum of $1 immediately upon notice of the death of any member in good standing; that on receipt of the proof of death by the association it was to make an assessment of $1 and notify the deceased of such assessment by mailing or delivering to her in person a card furnishing such information; that if the deceased, within 15 days after notice, had failed and refused to pay such assessment, she became thereby suspended and her beneficiary not entitled to recover on her policy, but during such suspension the association was to furnish a second notice.

The testimony shows that in December, 1924, two of the members of the association, J. F. Newton and Mrs. W. S. Hickerson, died, and that assessments Nos. 21 and 22 were made against all members on account of such deaths. Appellee's testimony tends to show that assessments Nos. 21 and 22 were made; that drafts were drawn against deceased on the First National Bank of Tahoka, Tex., for her assessments, and notice of such assessments mailed to her on or about December 11, 1924. The evidence offered by appellee to show that notice of such assessments had been mailed is somewhat uncertain, and depends largely on the testimony of the customs of the association and its officers to the effect that when proof was received of the death of a member, assessments were made, and notices always mailed to each member of the association; that on or about December 11, 1924, assessments Nos. 21 and 22 were made and notices mailed to all members; that neither the deceased nor appellant paid assessments Nos. 21 and 22, and for that reason, on January 11, 1925, the deceased was suspended and never reinstated. The evidence offered by appellant is to the effect that neither his deceased wife nor himself ever received notice of assessments Nos. 21 and 22; that they were ready, willing, and able at all times to pay any assessments made against them, and the record is uncontroverted that all dues and assessments theretofore owing by the deceased had been paid. The record discloses that on February 14, 1925, the association, acting by its officers, mailed a notice to deceased and appellant advising them of the death of Mrs. S. O. Wall, who had died in good standing, and that an assessment was due from each member on account of such death, and that such notice was received by appellant at Portales, N. M. Appellee explains that the mailing of such notice to appellant and deceased was a mistake, due presumably from the method employed in preparing and mailing notices, but neither appel-

lant nor deceased knew of this mistake, and the receipt of said notice through the mail by appellant, together with the evidence showing that no notice of assessments Nos. 21 and 22 was received, is to be considered in determining whether or not notices of assessments Nos. 21 and 22 had been mailed, as claimed by appellee.

[1, 2] We shall refrain from giving further details of the evidence, but we are of the opinion that the record presents for the determination of the jury an issue of fact as to whether or not the notices had been mailed to appellant or deceased in compliance with the constitution and by-laws of the association. In determining whether a trial court is authorized to give a peremptory instruction, only the testimony in favor of the party against whom such instruction is given should be considered (First National Bank v. Rush [Tex. Com. App.] 210 S. W. 521) and such evidence must be taken as true (Grubb v. G. H. & S. A. Ry. [Tex. Civ. App.] 153 S. W. 694).

Appellee contends, however, that, if the testimony was sufficient to raise an issue of fact to be submitted to the jury as to whether or not the notices had been mailed, nevertheless the court correctly directed a verdict in its favor because by the provisions in the application for insurance, which constituted a part of the contract, the deceased authorized appellee to draw a draft on the First National Bank of Tahoka for all assessments and dues, and thereby waived the provisions of the constitution and by-laws relative to the mailing of notices; and that in compliance with said authority, drafts were drawn on appellant or deceased through said bank for each of said assessments, and payment thereof was refused for the reason that neither appellant nor deceased had any funds in said bank to pay such assessments. The evidence shows that the drafts were drawn and presented to the bank; that payment thereof was refused, and that neither appellant nor deceased had funds in the bank with which to pay the assessments.

[3] The provision urged by appellee as a waiver reads:

"I hereby authorize C. A. Burrus, secretary of the association, to draw on me through the First National Bank of Tahoka, Tex., for all assessments and dues, stating on draft what same is for, until further notice.

"A waiver may be express or implied, but in the absence of an express agreement a waiver will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby, unless by his conduct the opposite party has been misled to his prejudice into the honest belief that such waiver was intended or consented to. To make out a case of waiver of a legal right, there must be a clear, unequivocal, and decisive act of the party showing such a purpose, or acts amounting to an estoppel on his part; or it must be supported by an agreement founded on a valuable consideration. 27 R. C. L. 909, § 5;

Merchants' Mutual Insurance Co. v. Lacroix, 45 Tex. 158; Dikes v. Miller, 24 Tex. 417; Phillips v. Watkins Land & Mortgage Co., 90 Tex. 195, 38 S. W. 270, 470." Miller v. Deahl (Tex. Civ. App.) 239 S. W. 679.

It is to be observed that the provision in the application, quoted above, contains no forfeiture clause and no express agreement of waiver; hence no waiver, either express or implied, can be presumed contrary to the intention of the deceased, unless, by her acts and conduct, she misled the association to its prejudice, which conduct must be clear, unequivocal, and decisive. Neither does the language of the provision show any consideration for such a waiver, and the giving of such authority in the language disclosed would not constitute an estoppel.

[4, 5] The record discloses that although the provision authorized the association to draw a draft on her through the First National Bank of Tahoka for all dues and assessments, and that drafts were drawn in accordance therewith for each assessment the deceased was required to pay, that in every previous instance the association, through its officers, in addition to drawing the draft, mailed notices to the deceased, as required by the constitution and by-laws. The record discloses that a number of other members of the association had also authorized drafts to be drawn for assessments, which was done in accordance with that authority, but in every instance, in addition thereto, notices were mailed of such assessments to each member, as provided by the constitution and by-laws. In our opinion, the authority given to draw the drafts for the assessments, construed with the other instruments that constitute the insurance contract, does not reveal any intention on the part of the deceased to waive the mailing of notices, as required by the constitution and by-laws, and that the record reveals nothing in her conduct from which, as a matter of law, such waiver could be presumed. If, however, considered as a whole, the language of the contract is ambiguous on the question of waiver, great weight should be given to the interpretation placed on the contract between the parties. Midland Shoe Co. v. A. L. & K. Dry Goods Co. (Tex. Civ. App.) 281 S. W. 344.

It is by no means certain that appellee and its officers construed the authority to draw drafts for assessments as a waiver of the constitution and by-laws requiring that notice of assessments be mailed to each member.

"Whether there has been a waiver is generally a question of fact, and the sufficiency of the evidence relating thereto is for the jury. The jury may be properly instructed, as matter of law, that a waiver must be voluntary, and that it implies a knowledge of the right, claim, or thing waived; yet whether it was voluntary, and whether the party had knowledge of the right or thing waived, are still questions

of fact to be submitted to the jury." 27 R. C. L., p. 912, par. 7.

See, also, Equitable Life Assurance Society of United States v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625; Ætna Life Insurance Co. v. Dunken (Tex. Civ. App.) 248 S. W. 165; Id. (Tex. Civ. App.) 221 S. W. 691; Id. (Tex. Civ. App.) 204 S. W. 241.

We are of the opinion that the facts as revealed by the record do not, as a matter of law, constitute a waiver by the deceased of a compliance by the association with its contract to give notice of each assessment by mail.

Appellant's other contentions are overruled.

For the error of the court in directing a verdict for appellee, the judgment is reversed and the cause remanded.