C. O. HAGEN, d/b/a Hallettsville Livestock Commission Company, Appellant,

v.

Aloys BRZOZOWSKI, Jr., Appellee.

No. 13642.

Court of Civil Appeals of Texas.

San Antonio.

May 25, 1960.

Kirk & Sheppard, Cuero, for appellant.

E. W. Patteson, Gonzales, for appellee.

BARROW, Justice.

This is a suit by Gonzales Commission Company against Aloys Brzozowski, Jr., to recover for breach of warranty of title to livestock. The defendant Brzozowski impleaded Hallettsville Livestock Commission Company as third party defendant. The trial was to the court and judgment was rendered for plaintiff against defendant, and for defendant over against the third party defendant, who prosecutes this appeal.

The case was tried upon stipulations set out in appellant's brief as follows:

"The case submitted to the trial court on an agreed statement of facts which has been brought forward in the Transcript. Briefly summarized, the case is this: Plaintiff Gonzales Commission Company and Third Party Defendant Hallettsville Livestock Commission Company are livestock auction commission merchants under Article 1281 and 1287a of Vernon's Annotated Texas Civil Statutes and they do business under Title 30, part 2, of such Statutes. A thief stole 9 cows in Oklahoma and transported them to Hallettsville, Texas, where he consigned them to Hallettsville Livestock Commission Company for sale. Such cattle were sold at public auction to Defendant Aloys Brzozowski, Jr. Said defendant later consigned such stolen cows to plaintiff Gonzales Commission Company, who sold them at public auction to Dr. E. P. Waller. The true owner of such livestock traced the same and demanded that Waller reimburse him for the value of same, which Waller did. Dr. Waller then demanded reimbursement of the purchase price from Gonzales Commission Company. Gonzales Commission Company did so reimburse Dr. Waller and now sues Defendant Brzozowski on an implied warranty of title to recover the amount which it was required to reimburse to Waller. De-

fendant Brzozowski in turn has impleaded the third party defendant Hallettsville Livestock Commission Company on an implied warranty of title to recover the amount which he may be required to pay to Gonzales.

"Among other things, it has been stipulated by the parties as follows: 'The sale to Brzozowski at Hallettsville Livestock Commission Co. and the same to Waller at Gonzales Commission Co. were made in the regular course of business in the usual and customary manner as herein described, that is, the livestock was received by the commission companies upon consignment for sale by the commission companies as commission merchants or agents for the thief and for Brzozowski, as principals. Sales were made by public auction on regularly designated days. The animals were viewed by prospective buyers and were knocked off by the respective auctioneers in each instance to the highest bidder. The auctioneers did not announce that the animals were being sold by the commission companies as agents for an undisclosed principal, but this was the situation and all buyers were aware of these facts. There was no express warranty of title made at the sales by the commission companies to any buyers. Both Brzozowski and Waller knew that the commission companies were acting as agents for an undisclosed principal. The usual custom is that the buyer pays by his check or draft to the commission company the amount bid by him for the animals he buys and the commission company, using its own check or draft, in turn pays its consignor within 48 hours as required by law for the animals consigned and sold, the commission companies deducting and retaining their respective commissions and charges; and this was the manner of handling

the business in the case of both sales, at Gonzales and at Hallettsville.' None of the parties to this suit knew that the cattle were stolen until after the sales were completed and after all the checks or drafts used by the parties mentioned in this statement had cleared the banks and been paid."

Only one point is presented for decision in this case, i. e., Is a livestock commission merchant liable on an implied warranty of title to one who has purchased stolen livestock through such commission merchant?

■ Appellee contends that where an agent acting for an undisclosed principal sells property to a third person, the agent is personally liable to the purchaser upon an implied warranty of title. On the other hand, appellant contends that inasmuch as commission merchants of livestock, operating auction sales are licensed and are required to comply with the provisions of Article 1287a, Revised Civil Statutes, which require them to handle livestock brought to them for sale without discrimination, they cannot be held liable on such warranty. Appellant argues that inasmuch as it is required by law to record the name of the person who delivers the cattle, together with the make, number and description of the truck which delivers them, also a description of the cattle and the name of the owner of such cattle, and further requires that such record be made available for public inspection within twenty-four hours after receipt of such livestock, such record should be regarded as sufficient disclosure of the principal to relieve the commission merchant from such liability. The parties are in agreement that the general rule is that a seller in possession of personal property, who sells it for a fair price, impliedly warrants that he has title. That principle is so well established that it needs no discussion. The sole question in the case is, Does that principle apply to appellant, who acted as an agent or factor under circumstances existing in this case?

■ The common law rule is clearly stated in 35 C.J.S. Factors § 56b, p. 576, as follows:

"Where a factor sells goods avowedly as factor for a disclosed principal and acts within his authority, he incurs no personal liability to the purchaser; but where he sells goods in his own name, without disclosing his principal, he incurs all the liabilities, express or implied, created by the contract of sale, in the same manner as if he were the principal in interest; and the same rule applies where the factor discloses the fact of his agency but does not disclose the name of his principal. Thus, if a factor sells in his own name a consignment of goods which were stolen, he is liable to the purchaser to whom he sells, if the goods are subsequently recovered by the true owner, for the return of the purchase money and the expenses incurred in defending his title."

See, also, 22 Am.Jur. 333, § 47. The same rule has been followed in Texas as applied to auctioneers. 5 Tex.Jur. 558, Auctions, § 5; 7 Tex.Jur.2d 224, Auctions and Auctioneers, § 11.

Only two Texas cases having any bearing on the question involved have been cited. The early case of Davie v. Lynch, 1 White & W.Civ.Cas.Ct.App. § 695, p. 381, holds that auctioneers who sell and deliver personal property without disclosing the seller, are liable to the buyer on an implied warranty of title.

■ Appellant argues that this old case was based on facts prior to the enactment of regulations licensing commission merchants and auctioneers, and does not apply to such licensed business, and that inasmuch as the law now requires auctioneers to record for public inspection the name of the seller or the auctioneer's principal, such record would put the purchaser on notice, citing Revised Civil Statutes, Art. 1287a. Appellant also argues that because

the statute requires it to accept livestock for sale without discrimination, that it was required to accept these cattle even from the thief. We overrule these contentions for two reasons: First, there is no evidence that such record was made, and open for public inspection prior to the sale to Brzozowski, in fact, it is stipulated that appellant was acting as agent for an undisclosed principal. Second, we think it is now settled that the provisions of the statute in themselves do not relieve the factor of liability on his implied warranty at common law.

In the recent case of Walker v. Caviness, Tex.Civ.App., 256 S.W.2d 880, the court had before it a case where the stolen cattle were sold by Four States Livestock Commission Company, and the owner of the stolen cattle sued the commission company for the value of the cattle. The company defended on the ground that it was operating under the provisions of Title 7, §§ 181–217, U.S.C.A., governing Packers and Stockyard Dealers, the provisions of which are very similar to Title 30, Vernon's Ann.Civ.Stats., governing Commission Merchants. The court, in an able and well considered opinion by Chief Justice Hall, held that notwithstanding the provisions of the statutes imposing certain duties on the factor, he was liable to the owner of the cattle. It was stipulated in the case that the factor had no knowledge that the person who delivered the cattle for sale did not have title, nor was there any circumstance which would arouse suspicion that there was any defect in such title. The Court cited, among other decisions, Birmingham v. Rice Bros., 238 Iowa 410, 26 N.W.2d 39, 43, 2 A.L.R.2d 1108. The Court in that case said: "It is not wrongful discrimination to refuse to aid a criminal in his crime, nor is a request that one dispose of property fraudulently procured or stolen a reasonable request." We regard the case as the leading case on the subject in which the Court held that the Packers and Stockyard Act, supra, did not absolve the factor from liability for conversion. We regard

these authorities as persuasive if not absolutely controlling. We do not believe the Texas Statute above mentioned alone absolves the auctioneer from liability on his implied warranty, particularly where it is not shown that his records were made and subject to public inspection prior to the actual sale.

The trial court properly rendered judgment against the appellant. The judgment is affirmed.