**ATHENS COMMISSION COMPANY,**
Appellant,

v.

**LUFKIN LIVESTOCK EXCHANGE, INC.,**
et al., Appellees.

No. 7042.

Court of Civil Appeals of Texas.

Beaumont.

March 3, 1969.

Motion for Rehearing Overruled
April 3, 1969.

Life & Bolding, John W. Key, Jr., Athens, for appellant.

Sumner Williams, Jr., Lufkin, for appellees.

STEPHENSON, Justice.

This is an action for damages for wrongful attachment. Judgment was rendered that plaintiff take nothing, upon the answers of the jury to the special issues. The parties will be referred to here as they were in the trial court.

Plaintiffs, Reagan Jenkins and Norma Lee, doing business as Athens Commission Company, brought this action against Lufkin Livestock Exchange, Inc., as the primary defendant, and others. Plaintiffs made the following allegations: That they operated an auction stockyard in Athens, Texas, on or about October 5, 1962. That on such date, plaintiffs sold 77 head of cattle owned by them to C. J. Moran, Jr., an agent and buyer for Luke Packing Company, for a total of $8,240.26. The sale was for cash and C. J. Moran de-

livered to plaintiff a bank check in such amount drawn on the account of Luke Packing Company. That a memorandum or bill of sale (and also referred to as a "mail") was delivered to Luke Packing Company, containing the following provision:

"Customers purchasing and paying for livestock through this company by check or draft, expressly agree that title does not pass to said purchaser, but is retained by owner until the fund is actually received on the check or draft. Such check or draft is accepted only subject to the rules and practices of any bank in which it may be deposited for collection, and is accepted for collection, only as an accommodation to the maker and does not constitute a payment for animals purchased until remittance is received thereon.

" * * * The property purchased on conditions stated above."

That such check was refused when presented for payment, and, therefore, the title did not pass from plaintiffs to Luke Packing Company, or anyone claiming under Luke Packing Company. That on the 6th day of October, 1962, while these cattle were being transported by Luke Packing Company of Lufkin, Texas, they were seized by a constable under a writ of attachment. Defendant had filed a suit against Luke Packing Company on October 5, 1962, and directed the constable to seize these cattle under a writ of attachment issued in its suit against Luke Packing Company. That later, a second suit was filed by defendant against Luke Packing Company, and another writ of attachment was issued, and, subsequently, these cattle were levied upon and sold to satisfy a default judgment obtained by defendants against Luke Packing Company. That such cattle had a market value of $8,240.26 at the time and place of such wrongful attachment. Plaintiffs sought to recover their actual damages and $10,000.00 exemplary damages.

Defendants alleged waiver of the condition that plaintiffs retained title to the cattle until the check was paid.

The jury made the following findings with which we are concerned in this appeal: That plaintiffs were not the owners of the 77 head of cattle on the 6th day of October, 1962. That plaintiffs were not the owners of the 77 head of cattle on the 8th day of October, 1962. That the reasonable market value of the 77 head of cattle on October 6th, 1962 was $8,155.78. That the reasonable market value of the 77 head of cattle on October 8, 1962 was $8,100.00. That by reason of the conduct of plaintiffs surrounding the sale of the 77 head of cattle, the condition of retention of title until the check was paid was waived.

■ Plaintiffs' first two points of error complain of the action of the trial court in submitting to the jury the question as to ownership of the 77 head of cattle. These points of error are sustained. It is elementary in law that only questions of fact are to be submitted to the jury, and the ownership of these cattle was a question of law for the court to determine. We hold that under the evidence in this record, the plaintiffs were the owners of these cattle the moment the highest bid at the auction was accepted. There appears to be little law written in this state on this proposition. We approve the statement made in 77 C.J.S. Sales § 270, p. 1072, as follows:

"Ordinarily, where goods are consigned by one person to another for sale by the latter, the title thereto remains in the consignor *until the consignee sells the goods, in which case title passes to him and from him to the buyer*; but whether the consignee is to be considered as a buyer or an agent depends on the intention of the parties, and on the real nature of the transaction rather than the language which the parties may have employed. Where the transaction is such that the consignee acquires com-

plete dominion over the goods with the right to sell them on such terms and conditions as he may see fit, and is bound to pay the consignor a stipulated price therefor, it amounts to a sale and delivery which passes title to the consignee, and such transfer of title is not affected by the fact that the goods are not to be paid for until resold by the consignee, or that he has an option of returning the goods which he has not resold. Also, where the consignor clothes the consignee with indicia of title and permits him, without objection, to deal with the property as his own, the consignee may transfer title to a purchaser, which will be good as against the consignor." (Emphasis supplied.)

We think it is clear that under the provisions of Article 1287a Vernon's Ann. Civ.St., plaintiffs, acting as livestock commission merchants, upon the acceptance of the highest bid, became obligated to pay, within 48 hours, to the consignors of these 77 head of cattle, the amount bid by Luke Packing Company, less fees. At that precise point, plaintiffs became the owner of these cattle. Under the bill of sale given by plaintiffs to Luke Packing Company, the title to these cattle would not pass until the check or draft was paid.

A case which is persuasive, although not directly in point, is Hagen v. Brzozowski, 336 S.W.2d 213 (Tex.Civ.App., 1960, no writ). In this case, it was held the livestock commission merchant was liable on an implied warranty of title to one who purchased livestock at a public auction. We think a reasonable inference from this holding is that a person must have title to the merchandise to be held liable upon an implied warranty of title.

Under the settled law in this State, unless the retention of title provision until the draft was paid was waived, the title to these cattle did not pass from plaintiffs to Luke Packing Company.

■ The general rule is that where a cash sale is involved and personal property is delivered in exchange for a check, there is a presumption that the parties did not intend that title to the property should pass until the check was honored by the drawee bank. See Valley Stockyards Company v. Kinsel, 369 S.W.2d 19 (Tex. Sup., 1963).

In the case Fluitt v. Valley Stockyards Company, 384 S.W.2d 917, 919 (Tex.Civ. App., 1964, error ref. n. r. e.), the written invoice or bill of sale contained a recitation almost identical in wording with the provision in the present case. That court wrote the following:

"It is seen that under this written agreement, Valley Stockyards retained title in the cattle until the check was paid. There is no allegation or proof of fraud, accident or mistake and therefore this unambiguous recitation is controlling."

■ Plaintiffs' next series of points attack the finding by the jury that plaintiffs waived the retention of title to the 77 head of cattle until the check was paid. We sustain the point of error that there was no evidence to support this finding. In passing upon this point of error, we consider only the evidence favorable to such finding.

In its brief, defendant argues that this finding is supported by the following evidence: Plaintiffs had been dealing with Luke Packing Company through its agent, Moran, for some 3–4–5 years. Luke Packing Company had bought several hundred cattle and in each instance paid by check or draft, all of which had been paid. On October 5, 1962, before the sale, plaintiff, Norma Lee, talked with Mr. Luke by telephone and asked if a draft drawn by his agent, Moran, to purchase cattle would be paid. Mr. Luke advised her that it would be paid. That Norma Lee also talked with a banker that morning before the sale and was assured the draft would be paid. That a stamp ap-

peared on the copy of the bill of sale delivered to the truck driver for Luke Packing Company, which is reproduced as follows:

"APPROVED FOR MOVEMENT

As Indicated

TO _____
     COUNTY FOR STOCKER PUR-
     POSES

TO _____

Market, Feedlot, or Packer

AT _____, TEXAS

FOR: (Circle One)

RESALE * FEEDER *(SLAUGHTER)"

There are several general propositions of law pertaining to waiver, which we are obliged to follow. We find the following excerpt in Stowers v. Harper, 376 S.W.2d 34, 39, 40 (Tex.Civ.App., 1964, error ref. n. r. e.):

"A waiver exists only where one with full knowledge of a material fact does or forbears to do something inconsistent with the existence of the right or of his intention to rely upon that right."

* * * * * *

"Intention is a prime factor in determining the question of waiver. The acts, words or conduct relied upon to establish intention must be such as to manifest an unequivocal intention to no longer assert the right. Waiver by implication will be applied only to prevent fraud or inequitable consequences. [Cases cited.]"

* * * * * *

"The rule is fundamental that, unless the representation of the party to be estopped has been acted upon by the other party in a way different from the way he otherwise would have acted, and to his prejudice, no estoppel arises. [Cases cited.]"

Also, as it is said in Corrin v. Slagle, 300 S.W.2d 657, 659 (Tex.Civ.App., 1957, error ref. n. r. e.):

"To establish implied waiver, there must be a clear, unequivocal, and decisive act showing such a purpose or acts amounting to an estoppel. Miller v. Deahl, Tex.Civ.App., 239 S.W. 679, writ refused; Bounds v. Home Mut. Life & Accident Ass'n No. 1, Tex.Civ.App., 290 S.W. 552."

Applying this law to the factual situation in the case before us, we find no evidence of waiver. At the outset of this consideration, we have the unusual situation of a third person (defendant) urging waiver as between plaintiff and Luke Packing Company. Even though plaintiffs had been doing business with Luke Packing Company for 3–4–5 years, there is no evidence that plaintiffs had waived the provision for retention of title to cattle sold until the check or draft was paid, at any time during this association. There is no evidence that plaintiffs, either directly or indirectly, did anything inconsistent with their right to retain title to the cattle until the check or draft was paid. There is no evidence that Luke Packing Company, or defendant, because of any representation or action on the part of plaintiffs, acted in any way differently than they would have acted. There is no evidence that plaintiffs did any act of a clear, unequivocal or decisive nature demonstrating a purpose of waiving the provision in question.

We enter the judgment that the trial court should have entered, that plaintiffs recover judgment of and from defendants, jointly and severally, in the amount of $8,155.78 (value found by jury as of October 6, 1962), with interest from October 12, 1962, at the rate of 6% per annum, together with all costs, both in the trial court and here.

Reversed and rendered.