552 P.2d 313 (1976)
RANCHERS AND FARMERS LIVESTOCK AUCTION COMPANY, a New Mexico Corporation, Plaintiff-Appellant,
v.
Leslie E. HONEY et al., Defendants-Appellees.
No. 75-420.
Colorado Court of Appeals, Div. III.
June 24, 1976.
Petition for Certiorari Stricken September 7, 1976.
*314 Rowley, Hammond, Murphy & Rowley, Clovis, N.M., Quick & Garlington, Jerry Quick, La Junta, for plaintiff-appellant.
Strain & Kolomitz, George L. Strain, La Junta, for defendants-appellees.
Selected for Official Publication.
See 553 P.2d 799.
SMITH, Judge.
An opinion in this case was announced on May 6, 1976. A petition for rehearing was therefore filed, and that petition is hereby granted; the prior opinion is withdrawn and the following opinion is issued in its stead.
In this action brought to recover the proceeds of the sale of certain cattle by defendants, the trial court, sitting without a jury, entered judgment in favor of the defendants. The facts, as found by the court, are undisputed. On October 31, 1973, in New Mexico, plaintiff sold a certain number of cattle, which it held on consignment, to one Dan Colbert, who was acting on behalf of his father Boyd Colbert. Plaintiff then paid its consignor in full pursuant to their agreement. On November 2, 1973, Dan Colbert's wife paid for the cattle by check, and plaintiff gave her the purchase sheets for the sale. Dan Colbert then had the cattle shipped to defendants' sales ring in Colorado, and later delivered to defendants the purchase sheets given to his wife by plaintiff. On November 5, 1973, plaintiff presented the Colberts' check for payment at the drawee bank, but it was dishonored because of insufficient funds. Plaintiff immediately contacted defendants and demanded the return of the livestock. Defendants did not return the cattle, however, later selling them for $38,000 and applying the proceeds against drafts drawn on them by Boyd Colbert. Plaintiff asserts *315 that under the Uniform Commercial Code it is entitled to these proceeds from the sale.
The court concluded that Boyd Colbert was not insolvent on October 31, and that the sale of cattle by plaintiff to Boyd Colbert on that date was not a credit transaction. It also held that plaintiff was not a seller within the meaning of the Uniform Commercial Code. Sections 4-1-101, et seq., C.R.S.1973, and N.M.Stat.Ann. §§ 50A-1-101, et seq. (1962).[1] For these reasons it concluded that plaintiff was not entitled to relief under the Uniform Commercial Code, and entered judgment in favor of the defendants.
In this appeal, plaintiff contends that the trial court erred in concluding that plaintiff was not a seller under the Code. It also asserts that it should be awarded the proceeds from the sale of the cattle by defendants pursuant to reclamation under either (1) § 4-2-702, C.R.S.1973, or N.M. Stat.Ann. § 50A-2-702 (1962), or (2) § 4-2-507, C.R.S.1973, or N.M.Stat.Ann. § 50A-2-507 (1962). While we agree with the trial court that neither § 4-2-702, C.R.S. 1973, or N.M.Stat.Ann. § 50A-2-702 (1962), is applicable here, because this was not a credit transaction, we conclude that the Ranchers and Farmers Livestock Auction Company should be deemed a seller under the Code. Consequently, plaintiff is entitled to recover in this action under § 4-2-507, C.R.S.1973, and we therefore reverse the trial court's judgment.
Except insofar as the Code displaces the principles of common law or equity, it is supplemented by them. Section 4-1-103, C.R.S.1973; N.M.Stat.Ann. § 50A-1-103 (1962). The parties to this action have not indicated, nor have we discovered, any specific provision of the Colorado or New Mexico commercial codes from which we can determine whether, under the circumstances present here, plaintiff is a seller and thus entitled to a seller's remedies under the Code. This problem must therefore be resolved by consideration of other statutes and the common law.
Both Colorado and New Mexico require operators of livestock rings within the respective states to keep extensive records. In Colorado, an operator must keep on file the date on which a consignment of animals was received and sold, the name and address of the buyer and the seller, the number and species of the animals received and sold, and the marks and brands of each animal. Section 35-55-111, C.R.S.1973. In New Mexico, an operator provides written notice to the New Mexico Livestock Board of the kind, number, and description of all cattle received at his ring, the name and address of their owner, the manner of their delivery to the ring, and, if the delivery was by motor vehicle, the make, type, and license number of the vehicle and the name and address of the driver. N.M.Stat.Ann. § 47-10-4 (1962). In addition, both Colorado and New Mexico impose a duty on the operator immediately to account for and pay over to the owner for whose benefit cattle were sold at the ring the entire proceeds of the sale, less any applicable fees. Section 35-55-114, C.R.S.1973; N.M.Stat.Ann. § 47-10-3(e) (1962).
Colorado requires, in addition, that the operator warrant title to the purchaser thereof of all cattle sold at his market. Section 35-55-114, C.R.S.1973. New Mexico apparently does not expressly impose this obligation. However, a Texas statute, Tex.Rev.Civ.Stat.Ann. Art. 1287a (1963), which provides notice requirements very similar to those of the above-cited New Mexico statutes has been held to permit the imposition of liability on the operator of a livestock ring for breach of implied warranty of title. Hagen v. Brzozowski, 336 S.W.2d 213 (Tex.Civ.App.). This holding supports the conclusion that the operator of a livestock ring is a "seller" under the law, and we conclude, therefore, that the *316 New Mexico courts would impose a similar liability on the operators of livestock rings within that state.
The Texas statute cited above has also been construed to mean that, upon the sale of consigned cattle, title instantaneously passes from the consignor to the auction company and from the company to the buyer. Athens Commission Co. v. Lufkin Livestock Exchange, Inc., 439 S.W.2d 427 (Tex.Civ.App.). In that case, when the buyer's check was dishonored, the auction company successfully maintained an action in its own name against an attaching creditor of the buyer for the value of the cattle. Like results have been reached at common law, e.g., Progress Blue Ribbon Farms v. Dickinson, 153 Wis. 249, 140 N.W. 1132, and under the Uniform Sales Act. E.g., Harris v. Merlino, 137 N.J.L. 717, 61 A.2d 276 (N.J.Ct.Errors). Thus the concept of courts treating operators of livestock rings as sellers, for at least some commercial purposes, is neither new nor novel.
We therefore conclude, based upon the undisputed facts in this case and upon our construction of New Mexico law, that Ranchers and Farmers Livestock Auction Company must be deemed a seller under the Uniform Commercial Code, as it would be in Colorado, and that, in the absence of any contrary considerations, its rights must be determined by reference to the Code provisions.
Defendants raise three arguments which they assert compel the conclusion that the reclamation provisions of the Code should not be applied to the instant case. First, they assert that such an application would be contrary to our holding in Winter Livestock Commission Co. v. Noll, 30 Colo.App. 141, 489 P.2d 1067. Viewing that case from the perspective of the Code, we have concluded that, insofar as it is inconsistent with this opinion, it should be considered as expressly overruled.
Second, defendants contend that Guy Martin Buick v. Colorado Springs Bank, 184 Colo. 166, 519 P.2d 354, indicates that the reclamation provisions of the Code are inapplicable here because the provisions for the passage of title are governed, not by § 4-2-401, C.R.S.1973, of the Code, but instead by § 35-54-101, C.R.S.1973. However, the impact of Guy Martin Buick does not extend that far. Insofar as is relevant here, that case held that passage of title on the sale of an automobile is governed by what is now § 42-6-108, C.R.S.1973, rather than § 4-2-401, C.R.S.1973. However, the court explicitly recognized the existence of the seller's right to reclaim an automobile, the title to which had passed to the purchaser, upon dishonor of the check tendered in payment. This is consistent with the statement in § 4-2-401, C.R.S.1973, that application of the substantive provisions of the Code does not depend on the location of title. Thus, defendants may not rely upon § 35-54-101, C.R.S.1973, to prevent application of the Code remedy of reclamation.
Similarly, the recent amendments to the Code concerning certain details of livestock transactions, Colo.Sess.Laws 1975, ch. 58, at 232, are of no benefit to defendants. These amendments concern the passage of title and the power to transfer title, and we are not here concerned with these matters. The only effect of these amendments is to strengthen our conclusion that the Code and its reclamation provisions should be applied in this case.
Finally, defendants argue that application of the Code reclamation provisions will wreak havoc in the established practices of the livestock industry by upsetting title to "hundreds of thousands" of cattle. However, the right to reclaim goods sold in a cash sale transaction is a right to undo that transaction; until reclamation is completed, title, as well as the power to pass good title, remains in the purchaser. Guy Martin Buick v. Colorado Springs Bank, supra. See § 4-2-403, C.R.S.1973.
Since plaintiff sought to reclaim the cattle by instituting its action in Colorado, Colorado law determines which remedies are available to it. Cockburn v. Kinsley, *317 25 Colo.App. 89, 135 P. 1112. Under § 4-2-507, C.R.S.1973, a seller may reclaim goods which he has sold to the buyer when the latter's check has been dishonored. Guy Martin Buick v. Colorado Springs National Bank, 32 Colo.App. 235, 511 P.2d 912, aff'd 184 Colo. 166, 519 P.2d 354.
Where payment is due and is demanded on delivery of documents of title to the buyer of goods, his right as against the seller to retain or dispose of them is conditioned upon his making the payment due. Section 4-2-507(2), C.R.S.1973. Payment by check, however, is only conditional and is defeated by dishonor of the check on due presentment. Section 4-2-511(3), C.R.S.1973.
When the bank refused to honor Colbert's check upon plaintiff's presentment, Colbert no longer had the right to retain or dispose of the cattle, even though he retained title to them. See Guy Martin Buick, Inc. v. Colorado Springs Bank, supra, 32 Colo.App. 235, 511 P.2d 912; Greater Louisville Auto Auction, Inc. v. Ogle Buick, Inc., 387 S.W.2d 17 (Ky.). When defendants sold the cattle on Colbert's behalf, they acquired and then passed title. Athens Commission Co. v. Lufkin Livestock Exchange, Inc., supra. But since they acted with notice of plaintiff's claim to the livestock, they did not acquire the status of a good faith purchaser and cannot prevent plaintiff from asserting its right of reclamation. See General Credit Corp. v. Bill Olsen's Motor, Inc., 147 Colo. 227, 363 P.2d 489. Hence, if they cannot redeliver the cattle they must deliver the proceeds from the sale thereof. Greater Louisville Auto Auction, Inc. v. Ogle Buick, Inc., supra.
Having properly proceeded under the Code, plaintiff is entitled to judgment for the relief provided therein. This resolution of the case renders unnecessary consideration of the other errors alleged by plaintiff.
Judgment reversed and cause remanded with directions to enter judgment not inconsistent herewith.
PIERCE and BERMAN, JJ., concur.
NOTES
[1] Colorado and New Mexico have both adopted the Uniform Commercial Code in virtually identical form insofar as is relevant here.