403 So.2d 1125 (1981)
Rudolph HARDICK and Prentice Mortgage Co., Appellants,
v.
William H. HILL, d/b/a Harbor Boat Mfg. Company, Appellee.
No. 80-76.
District Court of Appeal of Florida, Fifth District.
September 23, 1981.
James F. Dressler and Joan H. Bickerstaff, Cocoa Beach, for appellants.
Larry F. Witte of Grimditch, Bentz, Witte & Wunker, P.A., Pompano Beach, for appellee.
SHARP, Judge.
This is an appeal from a final judgment disallowing appellants any recovery against appellee in a suit for conversion. We affirm because under the facts established by the record, Hill had a superior right to the Harbor cabin cruiser in question and there was evidence to support the trial judge's conclusion that the parties agreed to an exchange of boat trailers after Hill repossessed the cruiser and trailer.
Hill sold Horvath (a boat broker) a Harbor cabin cruiser and trailer. At that time Hill delivered to Horvath the boat, the trailer, a sales invoice, the manufacturer's statement of origin, the warranty package, and the keys. Hill made no effort to retain a security interest in the boat and trailer under Article 9 of the Uniform Commercial Code,[1] but it is clear the parties intended that the goods would be paid for on delivery to the buyer, Horvath. Horvath gave Hill checks in full payment for the goods, but the check for the boat was dishonored. At that point Hill became an unpaid seller with a right to repossess the goods as against Horvath.[2] So long as there was no intervening good-faith purchaser or lender with a superior perfected security interest,[3] Hill *1126 had the right to cancel the sale and repossess the boat from Horvath.[4]
Prior to Hill's repossessing the boat, Horvath took the package of boat documents to Prentice and Hardick. The evidence was conflicting as to whether Prentice and Hardick purchased the boat from Horvath, or whether they entered into a floor-planning arrangement with him. However, the record is sufficient to sustain a conclusion by the trial court that it was essentially a financing arrangement, subject to the provisions of Article 9.[5] They paid Horvath 90% of the invoice price, and they entered into an agreement with Horvath which allowed him to have possession and control of the boat for purposes of selling it. The agreement required him, when he sold the boat, to repay Prentice and Hardick at an increasing rate, depending on the time required to effect a sale. Prentice and Hardick kept the boat documents, but they did not file under the Code to perfect a security interest in the boat. Horvath had the cruiser at a friend's marina at the time Hill repossessed it.
Prentice and Hardick held an unperfected interest in the cruiser. Hill held a right to repossess the boat as against Horvath. This interest, recognized by Article 2 of the Uniform Commercial Code, was similar to a competing unperfected security interest in the boat. Because Hill's interest in the boat predated Prentice and Hardick's, his rights in the boat were superior to theirs.[6]
AFFIRMED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] Ch. 679, Fla. Stat. (1979).
[2] §§ 672.507(2) and 672.511(3), Fla. Stat. (1979). See Trumbull Chevrolet Sales Co. v. Seawright, 134 So.2d 829 (Fla. 1st DCA 1961); Ranchers and Farmers Livestock Auction Co. v. Honey, 38 Colo. App. 69, 552 P.2d 313 (1976).
[3] § 679.113, Fla. Stat. (1979); American National Bank of Jacksonville v. Riser, 212 So.2d 343 (Fla. 1st DCA 1968).
[4] § 672.703(6), Fla. Stat. (1979).
[5] § 679.102, Fla. Stat. (1979).
[6] § 679.312(5)(b), Fla. Stat. (1979).