In the Matter of GIC GOVERNMENT SECURITIES, Debtor.

John A. and Linda G. SEILER, Plaintiffs,

v.

George T. HADLEY, Trustee, Defendant.

Bankruptcy No. 85–2784.
Adv. No. 86–22.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 17, 1986.

See also, Bkrtcy., 56 B.R. 105.

Edwin J. Bradley, Tampa, Fla., for plaintiffs.

Stephen L. Sepinuck, Tampa, Fla., for defendant.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 adversary proceeding is a Motion to Dismiss filed by the Defendant, George T. Hadley, Trustee of this Chapter 7 estate. The Trustee alleges, first, that the Complaint fails to state a cause of action for which relief can be granted and, second, that the Complaint was filed in violation of the automatic stay imposed by 11 U.S.C. § 362(a). The Court has examined the record, heard argument of counsel, and now finds and concludes as follows:

Prior to the commencement of this case, the Plaintiffs, John A. and Linda G. Seiler (Seilers), entered into an agreement to sell a Government National Mortgage Association (GNMA) security to the Debtor. The trade date for this sale was September 13, 1985 and the settlement date was September 20, 1985, one week later. The Debtor paid for this security with a check drawn on the United American Bank, but the check was returned for insufficient funds, and the Seilers never received payment of the dishonored check. The Seilers now

seek to reclaim this security based on § 546(c) of the Bankruptcy Code.

Section 546(c) provides in part that:

... the rights and powers of the trustee ... are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but ... such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods before ten days after receipt of such goods by the debtor.

This Court is satisfied that, based on the allegations in the Complaint, the Seilers have failed to state a cause of action under § 546(c). First of all, § 546(c) expressly requires that a sale giving use to reclamation rights be made "in the ordinary course of such seller's business." It is without dispute that the Seilers are not in the business of selling securities. Second, the Seilers failed to allege that they demanded reclamation in writing within ten days after the Debtor received the security, and § 546(c) expressly requires that such written demand be made. Third, § 546(c) applies only to "goods" and § 2–105(1) of the Uniform Commercial Code, adopted by Florida Statute § 672.105(1), expressly excludes investment securities such as the one in issue here from the definition of goods.

■ Based on the foregoing, this Court is satisfied that § 546(c) is inapplicable to the facts involved in this adversary proceeding, and, therefore, the Trustee's Motion to Dismiss should be granted.

At the hearing on the Trustee's Motion, counsel for the Seilers urged that because the check with which the Debtor paid for the security was returned for insufficient funds, there was never a completed sale; therefore, the security never belonged to the Debtor and did not become part of the bankruptcy estate. The Seilers cite numerous cases for the proposition that when a check is given in payment for personal property, title to such property does not pass until the check is paid. *See, e.g. Trumball Chevrolet Sales Company v. Seawright,* 134 So.2d 829 (Fla. 1st DCA 1961); *Hardick v. Hill,* 403 So.2d 1125 (Fla. 5th DCA 1981). These cases involve the rights of sellers to repossess automobiles and motor boats and are inapplicable to securities, which are governed exclusively by Article 8 of the UCC as adopted by Chapter 678 of the Florida Statutes.

Fla.Stat. § 678.301(1) provides in part as follows:

Upon delivery of a security, the purchaser acquires the rights in the security which his transferor had or had actual authority to convey.

■ The plain reading of this Statute, applied to the facts of this case, leads to the conclusion that when the Seilers delivered the security to the Debtor, the Debtor acquired all the rights in the security which the Seilers had. Title to the security vested in the Debtor at the time of transfer. There is no requirement that there be contemporaneous payment in order for title to pass. In fact, such a requirement would limit the rights which are transferred upon the delivery of the security and would emasculate the principle of free negotiability of securities. As a matter of law, when the Debtor filed its Petition in this Bankruptcy Court, the security became property of the estate.

The Trustee requested in his Motion to Dismiss that the Court impose sanctions against the Seilers for filing this suit in violation of the automatic stay pursuant to § 362. Inasmuch as the automatic stay does not apply to proceedings brought in this Court, the Trustee's request for sanctions is plainly without merit and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, granted, and this adversary proceeding is hereby dismissed. It is further

ORDERED, ADJUDGED AND DE-CREED that the Trustee's request for sanctions be, and the same is hereby, denied.